# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| WILLIAM A. GINGLEN, ) | |
| ) | |
| Petitioner, ) | |
| vs. ) | 2:12-cv-159-WTL-WGH |
| ) | |
| JOHN OLIVER, Warden, ) | |
| ) | |
| Respondent. ) | |

### Entry Discussing Petition for Writ of Habeas Corpus

William A. Ginglen is confined in this District and seeks a writ of habeas corpus with respect to his conviction entered in the United States District Court for the Central District of Illinois.

Whereupon the court, having considered the petition for a writ of habeas corpus, the United States' response and Ginglen's reply, and being duly advised, now finds that the relief sought by the petitioner must be denied and that the action must be dismissed. This conclusion rests on the following facts and circumstances:

1. A motion pursuant to 28 U.S.C. § 2255 is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Davis v. United States*, 417 U.S. 333, 343 (1974); *United States v. Bezy*, 499 F.3d 668, 670 (7th Cir. 2007). However, a petition challenging the conviction may be brought pursuant to 28 U.S.C. § 2241 only if § 2255 "would not . . . be[ ] adequate to test the legality of the conviction and sentence." *Melton v. United States*, 359 F.3d 855, 858 (7th Cir. 2004); 28 U.S.C. § 2255(e).

2. A remedy via § 2255 is "inadequate or ineffective to test the legality of [the] detention" when a legal theory that could not have been presented under § 2255 establishes the petitioner's actual innocence. *In re Davenport*, 147 F.3d 605 (7th Cir. 1998). "A procedure for post-conviction relief can fairly be termed inadequate when it is so configured as to deny a convicted defendant any opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense." *Id.* at 611. It is the inmate's burden to show that a § 2241 remedy is the proper one. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001). "The essential point is that a prisoner is entitled to one unencumbered opportunity to receive a decision on the merits." *Potts v. United States*, 210 F.3d 770 (7th Cir. 2000).

3. Ginglen pled guilty to the underlying offense pursuant to a plea agreement submitted and accepted pursuant to Rule 11(c)(1)(C) of the *Federal Rules of Criminal Procedure*. A subsequent motion for relief pursuant to 28 U.S.C. § 2255 was denied. That motion provided Ginglen with all the opportunity the law contemplates. His motion was denied. He is not entitled to use § 2241 for another bite at the apple. The fact that the trial court enforced Ginglen's waiver of the right to file collateral challenges does not alter this conclusion.

4. Apart from the foregoing, the present challenge does not support Ginglen's claim for habeas relief. Controlling and persuasive authority dictates that the savings clause embodied in § 2255(e) requires a claim of actual innocence directed to the underlying conviction, not merely the sentence. *See, e.g., Unthank v. Jett,* 549 F.3d 534, 536 (7th Cir. 2008) ("[The petitioner] does [not] claim to be innocent of the current crime. He says only that his sentence is too high, and as we [previously] explained[,] . . . this differs from a claim that he is innocent of the crime of which he was convicted."); *Stephens v. Herrera,* 464 F.3d 895, 898–99 (9th Cir. 2006) (holding that the petitioner did not qualify for the savings clause because he did not claim to be actually innocent, even though he satisfied the second § 2255(e) requirement because his claim was based on an intervening change in law that did not become available until twelve years after his conviction); *Padilla v. United States,* 416 F.3d 424, 427 (5th Cir. 2005) ("[B]ecause [the petitioner] does not attack his conviction and his claim challenges only the validity of his sentence, [the petitioner's] § 2241 petition does not fall within the savings clause of § 2255 . . . ."); *Poindexter v. Nash,* 333 F.3d 372, 382 (2nd Cir. 2003) ("[W]hatever the merit of the contention that the Guidelines were misapplied in the treatment of [the petitioner's] three undisputed prior convictions, his claim that the three crimes should have been treated as one crime is not cognizable as a claim of actual innocence."); *Okereke v. United States,* 307 F.3d 117, 120–21 (3rd Cir. 2002) (the petitioner did not qualify for the savings clause because his claim related only to his sentence and not his underlying conviction); *United States v. Peterman,* 249 F.3d 458, 462 (6th Cir. 2001) ("Without determining the exact scope of the savings clause, we conclude that defendants' claims do not fall within any arguable construction of it because . . . [they] do not argue innocence but instead challenge their sentences.").

5. Here, as noted, Ginglen challenges only a feature of his sentence, not his underlying conviction. The savings clause of § 28 U.S.C. § 2255(e) is thus not available to him for that purpose. His petition for a writ of habeas corpus is **denied**. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: _11/27/2012_____

*William T. Lawrence* (signature)
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

**Distribution:**

**William A. Ginglen, Reg. No. 14396-026, Terre Haute– F. C. I., Inmate Mail/Parcels,**
   **P.O. Box 33, Terre Haute, IN 47808**

**Electronically Registered Counsel**